UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AVRUM SCHWARTZ,

                Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS, INC.,
JP MORGAN CHASE BANK, N.A.,

                Defendants.

Case No. 7:24-cv-09881-NSR

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its attorneys, upon information and belief, answers the Complaint of plaintiff Avrum Schwartz ("Plaintiff" or "Schwartz"), as follows:

### AS AND TO THE SECTION DESIGNATED "JURISDICTION AND VENUE"

1. Paragraph 1 of the Complaint states legal conclusions that do not require any response.

2. Paragraph 2 of the Complaint states legal conclusions that do not require any response. To the extent that any response may be required, Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and therefore denies the same, except Chase admits that it transacts business in this judicial district.

3. Answering Paragraph 3 of the Complaint, Chase admits Plaintiff purports to bring this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et*

*seq.*, but Chase denies that it violated the FCRA or that Plaintiff is entitled to any relief whatsoever from Chase.

AS AND TO THE SECTION DESIGNATED<br>"PARTIES"

4. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, and therefore denies the same.

5. Paragraph 5 of the Complaint states legal conclusions that do not require any response.

6. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint, and therefore denies the same.

7. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, and therefore denies the same.

8. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, and therefore denies the same.

9. Paragraph 9 of the Complaint states legal conclusions that do not require any response. To the extent a response is required, Chase denies the allegations set forth in Paragraph 9 of the Complaint, except Chase admits that it is a national banking association which furnishes information to consuming reporting agencies with an address for service c/o CT Corporation System, 28 Liberty Street, New York, New York 10005.

AS AND TO THE SECTION DESIGNATED<br>"FACTUAL ALLEGATIONS"

10. Answering the paragraph of the complaint designated "10", Chase repeats and incorporates each and every response to the allegations contained within paragraphs of the

Complaint designated "1" through "9" and makes the same part thereof as if set forth herein at length.

11. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and therefore denies the same.

12. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint, and therefore denies the same.

13. Chase denies the allegations in Paragraph 13 as they may pertain to it and is without knowledge or information sufficient to form a belief as to the truth of the allegations as they may pertain to another defendant.

14. Chase denies the allegations in Paragraph 14 as they may pertain to it and is without knowledge or information sufficient to form a belief as to the truth of the allegations as they may pertain to another defendant.

15. Chase denies the allegations in Paragraph 15 as they may pertain to it and is without knowledge or information sufficient to form a belief as to the truth of the allegations as they may pertain to another defendant.

16. Chase admits the allegations set forth in Paragraph 16 of the Complaint.

17. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and therefore denies the same, except Chase admits that Plaintiff's Chase account charged off on or about October 31, 2018 with a balance of $11,508.42.

18. Answering Paragraph 18 of the Complaint, Chase admits that in or about February 2023, Plaintiff contacted Chase to settle the account for substantially less than the full balance.

19. Answering Paragraph 19 of the Complaint, Chase admits that in or about February 2023, Plaintiff contacted Chase to settle the account for substantially less than the full balance.

20. Answering Paragraph 20 of the Complaint, Chase admits that in or about March 2023, Plaintiff remitted a payment to Chase in the sum of $1,150.85 to settle the account for less than the full balance.

21. Chase denies the allegations set forth in Paragraph 21 of the Complaint.

22. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and therefore denies the same, except Chase admits that as of March 20, 2023 the account was settled with a $0 balance.

23. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint, and therefore denies the same.

24. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint, and therefore denies the same.

25. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint, and therefore denies the same.

26. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint, and therefore denies the same.

27. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint and therefore denies the same, except Chase admits that it received a single Automated Consumer Dispute Verification (ACDV) form from Experian concerning Plaintiff's account on April 18, 2023.

28. Chase denies the allegations set forth in Paragraph 28 of the Complaint.

29. Answering Paragraph 29 of the Complaint, Chase admits that, in response to the ACDV form received from Experian in April 2023, it furnished that Plaintiff's account was paid in full for less than the full balance and that there was no longer an outstanding balance.

30. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint, and therefore denies the same.

31. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint, and therefore denies the same.

32. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint, and therefore denies the same.

33. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint, and therefore denies the same.

34. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint, and therefore denies the same.

35. Chase denies the allegations in Paragraph 35 as they may pertain to it and is without knowledge or information sufficient to form a belief as to the truth of the allegations as they may pertain to another defendant.

36. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint, and therefore denies the same.

AS AND TO THE SECTION DESIGNATED
"FIRST CAUSE OF ACTION (Willful Violation of the FCRA as to Experian)"

37. Answering the paragraph of the complaint designated "37", Chase repeats and incorporates each and every response to the allegations contained within paragraphs of the Complaint designated "1" through "36" and makes the same part thereof as if set forth herein at length.

38.     Answering Paragraph 38 of the Complaint, Chase admits Plaintiff purports to bring this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, but Chase denies that it violated the FCRA or that Plaintiff is entitled to any relief whatsoever from Chase.

39.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint, and therefore denies the same.

40.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint, and therefore denies the same.

41.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint, and therefore denies the same.

42.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint, and therefore denies the same.

43.     Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint, and therefore denies the same.

AS AND TO THE SECTION DESIGNATED
"SECOND CAUSE OF ACTION (Negligent Violation of the FCRA as to Experian)"

44.     Answering the paragraph of the complaint designated "44", Chase repeats and incorporates each and every response to the allegations contained within paragraphs of the Complaint designated "1" through "43" and makes the same part thereof as if set forth herein at length.

45.     Answering Paragraph 45 of the Complaint, Chase admits Plaintiff purports to bring this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, but Chase denies that it violated the FCRA or that Plaintiff is entitled to any relief whatsoever from Chase.

46. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint, and therefore denies the same.

47. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint, and therefore denies the same.

48. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint, and therefore denies the same.

49. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint, and therefore denies the same.

50. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Complaint, and therefore denies the same.

## AS AND TO THE SECTION DESIGNATED "THIRD CAUSE OF ACTION (Willful Violation of the FCRA as to JP Morgan Chase Bank, N.A.)"

51. Answering the paragraph of the complaint designated "51", Chase repeats and incorporates each and every response to the allegations contained within paragraphs of the Complaint designated "1" through "50" and makes the same part thereof as if set forth herein at length.

52. Answering Paragraph 52 of the Complaint, Chase admits Plaintiff purports to bring this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, but Chase denies that it violated the FCRA or that Plaintiff is entitled to any relief whatsoever from Chase.

53. Paragraph 53 of the Complaint states legal conclusions that do not require any response.

54. Paragraph 54 of the Complaint states legal conclusions that do not require any response.

55.	Paragraph 55 of the Complaint states legal conclusions that do not require any response.

56.	Chase denies the allegations set forth in Paragraph 56 of the Complaint.

57.	Chase denies the allegations set forth in Paragraph 57 of the Complaint.

58.	Chase denies the allegations set forth in Paragraph 58 of the Complaint.

59.	Chase denies the allegations set forth in Paragraph 59 of the Complaint.

AS AND TO THE SECTION DESIGNATED
"FOURTH CAUSE OF ACTION (Negligent Violation of the FCRA
 as to JP Morgan Chase Bank, N.A.)"

60.	Answering the paragraph of the complaint designated "60", Chase repeats and incorporates each and every response to the allegations contained within paragraphs of the Complaint designated "1" through "59" and makes the same part thereof as if set forth herein at length.

61.	Answering Paragraph 61 of the Complaint, Chase admits Plaintiff purports to bring this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, but Chase denies that it violated the FCRA or that Plaintiff is entitled to any relief whatsoever from Chase.

62.	Paragraph 62 of the Complaint states legal conclusions that do not require any response.

63.	Paragraph 63 of the Complaint states legal conclusions that do not require any response.

64.	Paragraph 64 of the Complaint states legal conclusions that do not require any response.

65.	Chase denies the allegations set forth in Paragraph 65 of the Complaint.

66. Chase denies the allegations set forth in Paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint states legal conclusions that do not require any response.

68. Chase denies the allegations set forth in Paragraph 68 of the Complaint.

69. Chase denies the allegations set forth in Paragraph 69 of the Complaint.

70. Chase denies the allegations set forth in Paragraph 70 of the Complaint.

AS AND TO THE SECTION DESIGNATED<br>"DEMAND FOR TRIAL BY JURY"

71. Answering Paragraph 71 of the Complaint, Chase admits that Plaintiff demands a trial by jury for all claims and issues to which Plaintiff is or may be entitled to a jury trial.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof where it otherwise lies with Plaintiff, Chase alleges the following affirmative defenses:

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth facts sufficient to state a claim against Chase.

SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff has suffered any damages as a result of the matters alleged in the Complaint, which Chase denies, Plaintiff has failed to mitigate those damages and his claims therefore are barred, in whole or in part.

THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by Plaintiff's conduct, actions and inactions that amount to and constitute an estoppel of the claims and any relief sought thereby.

FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each purported claim alleged therein, is barred by Plaintiff's conduct, actions and inactions that amount to and constitute a waiver of any right or rights that Plaintiff may or might have in relation to the matters alleged in the Complaint.

FIFTH AFFIRMATIVE DEFENSE

Chase never received notice of a credit reporting dispute from Experian concerning Plaintiff's account in or about April 2024, which would have triggered Chase's obligation to investigate the dispute under the FCRA.

SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff under the doctrine of unclean hands.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from any recovery from Chase for a willful or knowing violation of the FCRA because any such violation, which Chase denies occurred, would not have been willful or knowing.

EIGHTH AFFIRMATIVE DEFENSE

The imposition of liability and/or statutory damages under the FCRA, as sought in the Complaint, would violate provisions of the United States Constitution, including the Due Process and Excessive Fines Clauses.

NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has suffered any damage, injury and/or harm as a result of the matters alleged in the Complaint, which Chase denies, any damage, injury and/or harm sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent, criminal

and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of Chase.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

Subject to further factual development, including discovery, Chase is informed and believes, and on that basis alleges, that each claim and cause of action set forth in the Complaint, is barred, in whole or in part, because Plaintiff suffered no injury as a result of any act or practice of Chase.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing under Article III of the United States Constitution to assert the claims alleged in the Complaint.  *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016).

## THIRTEENTH AFFIRMATIVE DEFENSE

Chase conducted a reasonable investigation of Plaintiff's dispute and furnished accurate information from its investigation to the credit reporting agencies.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff claims Chase willfully violated the FCRA, which Chase denies, any violation was not willful because Chase's interpretation of the FCRA is not objectively unreasonable.  *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 (2007).

## FIFTEENTH AFFIRMATIVE DEFENSE

Chase expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

**WHEREFORE**, Chase requests the following relief:

1. That the Complaint be dismissed with prejudice;

2. That Plaintiff take nothing from Chase by virtue of the Complaint;

3. That the Court award Chase its attorneys' fees, expenses and costs to the full extent permitted by law; and

4. For such other and further relief as the Court deems just and proper.

Dated: January 29, 2025

                                                TURCOTTE LAW, P.C.

                        By:    */s/*Christopher B. Turcotte
                                  Christopher B. Turcotte
                          575 Madison Avenue, Suite 1006
                          New York, NY 10022
                          Telephone: (212) 937-8499
                          cturcotte@cbtlaw.com
                          *Attorneys for Defendant JPMorgan Chase Bank, N.A.*

**CERTIFICATE OF SERVICE**

I certify that on January 29, 2025, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                    /s/Christopher B. Turcotte
                                  Christopher B. Turcotte
                                  575 Madison Avenue, Suite 1006
                                  New York, New York  10022
                                  (212) 937-8499