# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVRUM SCHWARTZ,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; JP MORGAN CHASE BANK, N.A.,<br><br>Defendants. | Case No: 7:24-cv-09881 |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENSES**

Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, responds to the Complaint filed by Plaintiff Avrum Schwartz as follows:

**JURISDICTION AND VENUE**

1. In response to Paragraph 1 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on 28 U.S.C. § 1367 and 15 U.S.C. § 1681p. Experian states that these allegations are legal conclusions, which are not subject to denial or admission. To the extent a response is required, Experian states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 1; denies that Experian has violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") or any other law; and denies that Experian is liable to Plaintiff for any alleged damages or for any other form of relief.

2. In response to Paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged venue is proper based on 28 U.S.C. § 1391(b). Experian states that these allegations are legal conclusions, which are not subject to denial or admission. In response to the remaining allegations in Paragraph 2, with regard to allegations related to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies, generally and specifically, each and every allegation contained therein. In response to the remaining allegations in Paragraph 2 related to Experian, Experian admits only that it conducts business in this district. As to the allegation that Plaintiff resides in this district, Experian admits, upon information and belief, that Plaintiff resides in this district. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in Paragraph 2.

3. In response to Paragraph 3 of the Complaint, Experian states that it contains legal conclusions to which no response should be required. To the extent a response is required, as to the allegations that relate to other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and, on that basis, denies, generally and specifically, each and every allegation contained therein. As to the allegations that relate to Experian, Experian admits only that Experian is named as a defendant in this action and that Plaintiff purports to bring suit pursuant to the FCRA. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in Paragraph 3 and specifically denies that Experian has violated the FCRA.

**PARTIES**

4. In response to Paragraph 4 of the Complaint, Experian admits, upon information and belief, that Plaintiff resides in the State of New York, County of Rockland.

5. In response to Paragraph 5 of the Complaint, Experian admits, upon information

and belief, that Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(c).

6. In response to Paragraph 6 of the Complaint, Experian admits that it is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f), that it is an Ohio corporation and that it conducts business within the State of New York, that it receives compensation for credit reporting, and that it has a registered agent at the address listed in Paragraph 6. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation in Paragraph 6.

7. In response to Paragraph 7 of the Complaint, Experian admits that it prepares consumer reports as defined by 15 U.S.C. § 1681a(d). Experian further admits that it receives compensation for credit reporting. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation in Paragraph 7.

8. In response to Paragraph 8 of the Complaint, Experian admits that it prepares consumer reports as defined by 15 U.S.C. § 1681a(d). Experian further admits that it receives compensation for credit reporting. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation in Paragraph 8.

9. In response to Paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**FACTUAL ALLEGATIONS**

10. In response to Paragraph 10 of the Complaint, Experian incorporates by reference as if fully set forth herein, its responses to the foregoing paragraphs. To the extent not already answered, Experian denies, generally and specifically, each and every allegation contained in Paragraphs 1 through 9 of the Complaint.

11. In response to Paragraph 11 of the Complaint, Experian admits the allegations

therein.

12. In response to Paragraph 12 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

13. In response to Paragraph 13 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

14. In response to Paragraph 14 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

15. In response to Paragraph 15 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

16. In response to Paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. In response to Paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18. In response to Paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19. In response to Paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20. In response to Paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21. In response to Paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22. In response to Paragraph 22 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23. In response to Paragraph 23 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24. In response to Paragraph 24 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

25. In response to Paragraph 25 of the Complaint, Experian is without knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

26. In response to Paragraph 26 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

27. In response to Paragraph 27 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

28. In response to Paragraph 28 of the Complaint, Experian states that it contains legal conclusions to which no response should be required. To the extent a response is required, the allegations therein relate to another defendant, and Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29. In response to Paragraph 29 of the Complaint, Experian states that it contains legal conclusions to which no response should be required. To the extent a response is required, the allegations therein relate to another defendant, and Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

30. In response to Paragraph 30 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

31. In response to Paragraph 31 of the Complaint, Experian states that the allegations

contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

32. In response to Paragraph 32 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

33. In response to Paragraph 33 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34. In response to Paragraph 34 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

35. In response to Paragraph 35 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

36. In response to Paragraph 36 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

**FIRST CAUSE OF ACTION**

37. In response to Paragraph 37 of the Complaint, Experian incorporates by reference

as if fully set forth herein, its responses to the foregoing paragraphs. To the extent not already answered, Experian denies, generally and specifically, each and every allegation contained in Paragraphs 1 through 36 of the Complaint.

38. In response to Paragraph 38 of the Complaint, Experian states that it contains legal conclusions to which no response should be required. To the extent a response is required, Experian admits only that Experian is named as a defendant in this action and that Plaintiff purports to bring suit pursuant to the FCRA. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in Paragraph 38 and specifically denies that Experian has violated the FCRA.

39. In response to Paragraph 39 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

40. In response to Paragraph 40 of the Complaint, including all subparts therein, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

41. In response to Paragraph 41 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

42. In response to Paragraph 42 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response

is required, Experian denies, generally and specifically, each and every allegation contained therein.

43. In response to Paragraph 43 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

In response to the WHEREFORE clause on Page 7 of the Complaint, Experian denies that Plaintiff is entitled to the relief sought, denies that Experian violated the FCRA in any manner, and denies, generally and specifically, each and every allegation contained therein.

## SECOND CAUSE OF ACTION

44. In response to Paragraph 44 of the Complaint, Experian incorporates by reference as if fully set forth herein, its responses to the foregoing paragraphs. To the extent not already answered, Experian denies, generally and specifically, each and every allegation contained in Paragraphs 1 through 43 of the Complaint.

45. In response to Paragraph 45 of the Complaint, Experian states that it contains legal conclusions to which no response should be required. To the extent a response is required, Experian admits only that Experian is named as a defendant in this action and that Plaintiff purports to bring suit pursuant to the FCRA. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in Paragraph 45 and specifically denies that Experian has violated the FCRA.

46. In response to Paragraph 46 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

47. In response to Paragraph 47 of the Complaint, including all subparts therein, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

48. In response to Paragraph 48 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

49. In response to Paragraph 49 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

50. In response to Paragraph 50 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

In response to the WHEREFORE clause on Page 9 of the Complaint, Experian denies that Plaintiff is entitled to the relief sought, denies that Experian violated the FCRA in any manner, and denies, generally and specifically, each and every allegation contained therein.

### THIRD CAUSE OF ACTION

51. In response to Paragraph 51 of the Complaint, Experian incorporates by reference as if fully set forth herein, its responses to the foregoing paragraphs. To the extent not already answered, Experian denies, generally and specifically, each and every allegation contained in Paragraphs 1 through 50 of the Complaint.

52. In response to Paragraph 52 of the Complaint, Experian states that it contains legal conclusions to which no response should be required. To the extent a response is required, as to the allegations that relate to other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and, on that basis, denies, generally and specifically, each and every allegation contained therein. As to the allegations that relate to Experian, Experian admits only that Experian is named as a defendant in this action and that Plaintiff purports to bring suit pursuant to the FCRA. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in Paragraph 52 and specifically denies that Experian has violated the FCRA.

53. In response to Paragraph 53 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

54. In response to Paragraph 54 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

55. In response to Paragraph 55 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

56. In response to Paragraph 56 of the Complaint, Experian states that it contains legal conclusions to which no response should be required. To the extent a response is required, the

allegations therein relate to another defendant, and Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

57. In response to Paragraph 57 of the Complaint, Experian states that it contains legal conclusions to which no response should be required. To the extent a response is required, the allegations therein relate to another defendant, and Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

58. In response to Paragraph 58 of the Complaint, Experian states that it contains legal conclusions to which no response should be required. To the extent a response is required, the allegations therein relate to another defendant, and Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

59. In response to Paragraph 59 of the Complaint, Experian states that it contains legal conclusions to which no response should be required. To the extent a response is required, the allegations therein relate to another defendant, and Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to WHEREFORE clause on Page 10 of the Complaint, Experian states that the allegations therein relate to another defendant and Experian is without knowledge or information sufficient to form a belief as to whether Plaintiff is entitled to the relief sought, and on that basis denies that Plaintiff is entitled to any relief.

## FOURTH CAUSE OF ACTION

60. In response to Paragraph 60 of the Complaint, Experian incorporates by reference

as if fully set forth herein, its responses to the foregoing paragraphs. To the extent not already answered, Experian denies, generally and specifically, each and every allegation contained in Paragraphs 1 through 59 of the Complaint.

61. In response to Paragraph 61 of the Complaint, Experian states that it contains legal conclusions to which no response should be required. To the extent a response is required, as to the allegations that relate to other defendants, Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and, on that basis, denies, generally and specifically, each and every allegation contained therein. As to the allegations that relate to Experian, Experian admits only that Experian is named as a defendant in this action and that Plaintiff purports to bring suit pursuant to the FCRA. Except as specifically admitted, Experian denies, generally and specifically, each and every allegation contained in Paragraph 61 and specifically denies that Experian has violated the FCRA.

62. In response to Paragraph 62 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

63. In response to Paragraph 63 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

64. In response to Paragraph 64 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained

therein.

65. In response to Paragraph 65 of the Complaint, Experian states that it contains legal conclusions to which no response should be required. To the extent a response is required, the allegations therein relate to another defendant, and Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

66. In response to Paragraph 66 of the Complaint, Experian states that it contains legal conclusions to which no response should be required. To the extent a response is required, the allegations therein relate to another defendant, and Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

67. In response to Paragraph 67 of the Complaint, Experian states that it contains legal conclusions to which no response should be required. To the extent a response is required, the allegations therein relate to another defendant, and Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

68. In response to Paragraph 68 of the Complaint, Experian states that it contains legal conclusions to which no response should be required. To the extent a response is required, the allegations therein relate to another defendant, and Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

69. In response to Paragraph 69 of the Complaint, Experian states that it contains legal conclusions to which no response should be required. To the extent a response is required, the

allegations therein relate to another defendant, and Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

70. In response to Paragraph 70 of the Complaint, Experian states that it contains legal conclusions to which no response should be required. To the extent a response is required, the allegations therein relate to another defendant, and Experian is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the first WHEREFORE clause on Page 12 of the Complaint, Experian states that the allegations therein relate to another defendant and Experian is without knowledge or information sufficient to form a belief as to whether Plaintiff is entitled to the relief sought, and on that basis denies that Plaintiff is entitled to any relief.

**DEMAND FOR JURY TRIAL**

71. In response to Paragraph 71 of the Complaint, Experian admits that Plaintiff has purported to demand a jury trial on all issues so triable.

In response to the second WHEREFORE clause on Page 12 of the Complaint, including all subparts therein, with regards to the requests for relief related to defendants other than Experian, Experian is without knowledge or information sufficient to form a belief as to whether Plaintiff is entitled to the relief sought, and on that basis denies that Plaintiff is entitled to any relief. With regards to the requests for relief related to Experian, Experian denies that Plaintiff is entitled to the relief sought, denies that Experian violated the FCRA in any manner, and denies, generally and specifically, each and every allegation contained therein.

To the extent that any allegation in the Complaint has neither been admitted nor denied it is hereby expressly denied.

## AFFIRMATIVE AND OTHER DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative and other defenses, without conceding that it bears the burden of persuasion as to any of them except those deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief from Experian.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

## THIRD AFFIRMATIVE DEFENSE

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint and each claim for relief therein are barred by laches.

## SIXTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff herself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SEVENTH AFFIRMATIVE DEFENSE

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be subject to arbitration pursuant to a valid and binding arbitration agreement. Experian specifically reserves, and does not waive, the right to compel arbitration of any claims asserted by Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

The Complaint warrants dismissal because Plaintiff lacks the legal capacity to sue.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged damages sustained by Plaintiff were not caused by Experian, but by an independent intervening cause.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any claims for punitive damages violate Experian's rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and analogous provisions of any applicable State Constitutions.

Experian reserves the right to assert additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case. Experian reserves its right to amend this Answer to assert those defenses.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff takes nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Dated: February 27, 2025  
New York, New York

By: */s/ Patrick L. Wright*  
Patrick L. Wright  
JONES DAY  
250 Vesey Street  
New York, NY 10281  
Telephone: 212.326.3610  
pwright@jonesday.com

*Attorneys for Defendant*  
*Experian Information Solutions, Inc*

## **CERTIFICATE OF SERVICE**

I, Patrick L. Wright, certify that on February 27, 2025, I caused the foregoing document to be filed with the Clerk of the Court and served upon all counsel of record via the Court's CM/ECF system.


Dated: February 27, 2025

                                             */s/ Patrick L. Wright*
                                               Patrick L. Wright